**SWITCHMEN'S UNION OF NORTH AMERICA**
**v.**
**OGDEN UNION RAILWAY & DEPOT CO. et al.**

No. 4687.

United States Court of Appeals,
Tenth Circuit.

Jan. 2, 1954.

Solomon Sachs, Chicago, Ill. (George Bridwell, Salt Lake City, Utah, on the brief), for appellants.

M. J. Bronson, Salt Lake City, Utah (Bryan P. Leverich, Salt Lake City, Utah, on the brief), for appellee, Ogden Union Railway & Depot Co.

Brigham E. Roberts, Salt Lake City, Utah (Calvin W. Rawlings, Harold E. Wallace and Wayne L. Black, Salt Lake City, Utah, on the brief), for appellee, Brotherhood of Railroad Trainmen.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This appeal is from a decree dismissing a complaint for lack of Federal Court jurisdiction under the Railway Labor Act, 45 U.S.C.A. § 151 et seq. Plaintiffs-Appellants are Switchmen's Union of North America and three of its members, R. H. Moritz, L. B. Hill, Jr. and V. H. Workman, discharged yardmen of Defendant-Appellee, The Ogden Union Railway and Depot Company, herein called the carrier. The other Defendant-Appellee, Brotherhood of Railroad Trainmen, is the collective bargaining agent for all the yardmen employed by the carrier, including the individual plaintiffs.

The allegations of the complaint show that the controversy involves rights of reinstatement to employment of the individual plaintiffs provided for in the Note to Article VIII, Rule 38 of the collective bargaining agreement entered into by the carrier and the Brotherhood on October 1, 1942, and now in effect. This note provides in material part:

"Note—Reinstatement will not be permitted after the expiration of six months from date of dismissal unless agreeable to the management and the general committee, except that a case pending with either the B. R. T. (Brotherhood of Railroad Trainmen) or O. R. C. (Order of Railway Conductors) at the expiration of the six month period, will not be prejudiced. * * *"

Facts alleged in the complaint reveal that plaintiffs were discharged in March and April, 1952 for rules infractions. Each gave the Switchmen's Union his power of attorney to represent him in negotiations with the carrier seeking reinstatement, and notified the carrier of that representation. The carrier recognized Switchmen's Union and negotiated with it concerning these claims, participating in conferences and exchanging correspondence. The original application for reinstatement included a claim for back pay, later revised to a claim for reinstatement on a leniency basis, i. e., without back pay. On September 22, 1952, the carrier wrote the officers of Switchmen's Union handling the grievance for the plaintiffs stating that it must decline reinstatement of the plaintiffs until approval from the Brotherhood in accordance with the Note to Article VIII, Rule 38, of the bargaining contract. And the Brotherhood consistently refused to consent to the reinstatement of the plaintiffs.

In this proceedings plaintiffs sought an injunction restraining the enforcement of the reinstatement provision in the carrier-Brotherhood bargaining agreement; a declaration of its invalidity; and an affirmative order reinstating the three individual plaintiffs with full seniority rights, vacation entitlements and back pay.

They assert that by entering into and enforcing the agreement the carrier has unlawfully denied the individual plaintiffs the guaranteed right under Title 45 U.S.C.A. § 152, First, Second, Third, Fourth, Sixth and Eighth, and § 153, First (i), to confer or negotiate with the carrier, either personally or through Switchmen's Union, or any other individual or labor organization of their choice, in matters of dispute or griev-

ance concerning reinstatement pending more than six months; that the challenged reinstatement provision unlawfully discriminates against the individual plaintiffs and those similarly situated who do not choose to be represented by the Brotherhood in reinstatement grievance matters. The effect of the provision is said to preclude the reinstatement of a claimant employee without the consent of the Brotherhood regardless of the merits of the claim. The force of such provision is said to interfere with, influence, and coerce the individual plaintiffs and all other yardmen covered by the agreement who do not choose the Brotherhood as their representative in reinstatement matters, all in violation of 45 U.S.C.A. § 152, Third and Fourth; that the refusal of the Brotherhood to consent to the reinstatement is based solely on the fact that plaintiffs are members of Switchmen's Union and not the Brotherhood.

If the suit can be said to involve the validity of the contract under the guarantees of the Railway Labor Act, the court has jurisdiction to grant the relief sought. If, however, the issues can be resolved by an interpretation of the bargaining agreement, exclusive jurisdiction lies with the Railway Adjustment Board. Brotherhood of Railroad Trainmen v. Howard, 343 U.S. 768, 72 S.Ct. 1022, 96 L.Ed. 1283; Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795; Order of Railway Conductors of America v. Southern Railway Co., 339 U.S. 255, 70 S.Ct. 585, 94 L.Ed. 811; Steele v. Louisville & Nashville Railroad Co., 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173; Tunstall v. Brotherhood of Locomotive Firemen & Enginemen, 323 U.S. 210, 65 S.Ct. 235, 89 L.Ed. 187; Hayes v. Union Pac. R. Co., 9 Cir., 1950, 184 F.2d 337; Spires v. Southern Ry. Co., 4 Cir., 1953, 204 F.2d 453. And the judgment of dismissal should be affirmed.

The trial court concluded that the provision for reinstatement in the bargaining agreement was not invalid in terms or legal effect but was rather the usual manner of resolving reinstatement grievances concerning rates of pay, rules and working conditions between the carrier and its employees.

Notwithstanding its denial of jurisdiction based upon this crucial conclusion, the court nevertheless went on to conclude that by the enforcement of the reinstatement provision of their contract, neither the carrier nor the Brotherhood discriminated against, or interfered with, influenced, or coerced any of the plaintiffs in violation of the Railway Labor Act.

Jurisdiction of the court is determined by resort to the contract which must speak for itself. The challenged provision is a part of a bargaining agreement between a carrier and the duly designated representative of its employees. It pertains to and covers wages, hours and working conditions, all of which are proper subjects of a bargaining agreement sanctioned by the provisions of the Railway Labor Act, 45 U.S.C.A. § 152; Steele v. Louisville & N. R. Co., supra; Colbert v. Brotherhood of Railroad Trainmen, 9 Cir., 206 F.2d 9. There is nothing illegal per se in the provision forbidding reinstatement after six months from date of dismissal for cause without the consent of the bargaining agent and the carrier. The provision is intended to do no more than regulate the composition of the roster of employees in the company—a matter certainly within the bargaining province of the two parties most affected, namely management and the duly elected representatives of the majority of the employees.

It is not fatal that the incidents of the contract may have unfavorable effects on some members of the craft represented relative to conditions of employment, wages, hours and related matters, for "inevitably differences arise in the manner and degree to which the terms of any negotiated agreement affect individual employees and classes of employees. The mere existence of such differences does not make them invalid." Ford Motor Co. v. Huffman, 345 U.S.

330, 73 S.Ct. 681, 686, 97 L.Ed. 1048; Steele v. Louisville & N. R. Co., supra. "One has no constitutional right to a 'remedy' against the lawful conduct of another." Senn v. Tile Layers Union, 301 U.S. 468, 483, 57 S.Ct. 857, 864, 81 L.Ed. 1229.

We are not concerned with a collective bargaining agreement containing "invidious proscriptive factors that are inimical to statutory or constitutional rights, such as racial discriminations". See Colbert v. Brotherhood of Railroad Trainmen, 206 F.2d 9, 13. Certiorari denied 74 S.Ct. 320. Or a deliberate hostile bargaining attempt to discriminate against one group of employees in favor of another. See Hargrove v. Brotherhood of Locomotive Engineers, D.C., 116 F.Supp. 3.

Here we have a claim by the individual plaintiffs that they have been unlawfully discriminated against in the terms and effect of the collective bargaining agreement concerning representation in reinstatement matters. The carrier relies upon the reinstatement provision of the collective bargaining agreement to resist the claim for reinstatement. We therefore have nothing more than a dispute between employees and the carrier involving the interpretation and application of an agreement concerning rates of pay, rules and working conditions.

It is obvious from the allegations of the complaint, and indeed it is admitted by the plaintiffs, that the carrier negotiated with the chosen representatives of the individual plaintiffs in the handling of the dispute on the company level. And since provision is made under 45 U. S.C.A. § 153, First (i) for referral of a dispute by either party to the Railway Adjustment Board upon a failure to reach an agreement at the company level, exclusive jurisdiction lies in that tribunal, and not in the Federal courts. Slocum v. Delaware L. & W. Ry. Co., supra; Order of Railway Conductors of America v. Southern Pacific Railway Co., supra; Colbert v. Brotherhood of Railroad Trainmen, supra; Spires v.

Southern R. Co., supra; Brotherhood of Locomotive Firemen & Enginemen v. Central of Georgia Ry. Co., 5 Cir., 199 F.2d 384, certiorari denied 345 U.S. 908, 73 S.Ct. 648; Butler v. Thompson, 8 Cir. 192 F.2d 831; Broady v. Illinois Central R. Co., 7 Cir., 191 F.2d 73, certiorari denied 342 U.S. 897, 72 S.Ct. 231, 96 L.Ed. 672; Starke v. New York, Chicago & St. Louis R. Co., 7 Cir., 180 F.2d 569; Brooks v. Chicago R. I. and P. Ry. Co., 8 Cir., 177 F.2d 385.

The judgment of dismissal is accordingly affirmed.