314 F.2d 610
 John M. HALEY and Lodge 732, Brothererhood of Railroad
Trainmen, Appellants,
v.
R. J. CHILDERS, Individually, and as General Chairman of the
Switchmen's Union of North America, a Voluntary Association,
the Switchmen's Union of North America, a Voluntary
Association, and the Kansas City Terminal Railway Company, a
Corporation, Appellees.
 No. 17149.
 United States Court of Appeals Eighth Circuit.
 March 8, 1963, Rehearing Denied April 3, 1963.
 
 Lucian Lane, Kansas City, Mo., made argument for the appellant and filed brief with John Murphy, Tucker, Wilson, Lane & Kelly, Kansas City, Mo.
 Lee Leibik, Chicago, Ill., made argument for R.J. Childers and Switchmen's Union of North America, appellees and filed brief with Ruth Weyand, Chicago, Ill.
 Sam D. Parker, Kansas City, Mo., made argument for appellee Kansas City Terminal Ry. Co. and filed brief with W.M. Stapleton, Lathrop, Righter, Gordon & Parker, Kansas City, Mo.
 Before JOHNSEN, Chief Judge, and VAN OOSTERHOUT and MATTHES, Circuit judges.
 MATTHES, Circuit Judge.
 
 
 1
 Plaintiffs' amended complaint was dismissed by the court because of lack of jurisdiction of the subject matter, and from this judgment plaintiffs have appealed.
 
 
 2
 Defendants filed answers to the amended complaint in which the jurisdiction of the court was specifically challenged. Defendant R. J. Childers, individually and as General Chairman of Switchmen's Union of North America (Switchmen), and defendant Switchmen also filed a motion for judgment on the pleadings. The court, apparently considering the answers as motions to dismiss, granted them and also sustained the motion for judgment on the pleadings.
 
 
 3
 The broad issue is whether the court is vested with jurisdiction of this action or whether, as the trial court ruled, exclusive jurisdiction of the controversy is in the Railroad Adjustment Board (Board). More particularly (1), does the complaint properly bring the validity of a provision of a labor contract into issue so as to confer jurisdiction on the court or does the pleaded controversy involve the interpretation of the contract so as to give the Board exclusive jurisdiction; (2) if the validity of the contract is not in question, does the complaint properly allege discrimination in the enforcement of a provision of the contract so as to confer jurisdiction on the court?
 
 
 4
 Plaintiff Haley, a member of plaintiff Lodge 732, Brotherhood of Railroad Trainmen (BRT) was an employee of defendant Kansas City Terminal Railway Company (Terminal). Because of an altercation with defendant Childers, an employee of Terminal and a member of Switchmen, both men were discharged from service, Haley's discharge being effective February 21, 1960. At all times material herein, Switchmen was the authorized bargaining agent for Terminal's employees classified as yard foremen and yard helpers, a classification that concededly encompasses both Haley and Childers. Under paragraph XXV(G) of the labor contract in effect when the litigated incident occurred, a disciplined employee had the right to appeal through the appropriate committee from the disciplinary ruling, provided appeal was made in writing within thirty days from date of written decision. If an employee failed to so appeal within thirty days, the case was to be closed, but such failure would not prevent the committee to ask for leniency on behalf of the employee.
 
 
 5
 Paragraph XXV(L) of the contract, referred to as the leniency provision and alleged to contravene the provisions of the Railway Labor Act, provides that a switchman who is discharged will not be returned to service with former seniority rights and privileges unless his case is pending with Switchmen and the case is presented to Terminal within one year.
 
 
 6
 Childers timely appealed under paragraph XXV(G) of the contract from the decision discharging him, and he was ultimately reinstated. Haley failed to appeal within the thirty days and has not been reinstated. He alleged, however, that he presented a claim to Switchmen within one year from the date of his discharge but that Switchmen arbitrarily failed and refused to present his claim to Terminal and that Childers and Switchmen have deliberately and arbitrarily discriminated against him because of his membership in a minority and rival labor union.[1]
 
 
 7
 Plaintiffs sought: (1) a judgment declaring paragraph XXV(L) of the contract null and void; (2) injunctive relief requiring Terminal to confer and deal with Haley and BRT and requiring Childers and Switchmen to represent Haley without discrimination in Haley's claim for reinstatement; and (3) damages against Childers and Switchmen for $12,500.
 
 
 8
 Although both Haley and BRT are plaintiffs and Childers, Switchmen, and Terminal are all joined as defendants, it is clear that the real controversy is between Haley and Childers-- Switchmen.
 
 
 9
 It is elementary that jurisdiction is the threshold issue in every case in the federal courts. Jurisdiction of the subject matter must be affirmatively shown by the complaint in actions initiated in the federal courts, and in the absence of proper jurisdictional averments, the complaint may be dismissed on motion.[2] A motion to dismiss seeking to test the question of jurisdiction admits facts well pleaded. But a mere conclusion of law or, as here, a naked conclusory allegation that a bargaining contract violates a federal statute, has no efficacy and is wholly insufficient to confer jurisdiction upon the federal court where such allegation is unwarranted by the asserted facts and is contradictory to well pleaded facts. Land v. Dollar, 330 U.S. 731, 735 fn. 4, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); McGuire v. Todd, 5 Cir., 198 F.2d 60 (1952), cert. denied, 344 U.S. 835, 73 S.Ct. 44, 97 L.Ed. 649 (1952); Ramirez & Feraud Chili Co. v. Las Palmas Food Company, Inc., S.D.Cal., 146 F.Supp. 594 (1956), affirmed, 9 Cir., 245 F.2d 874 (1957), cert. denied, 355 U.S. 927, 78 S.Ct. 384, 2 L.Ed.2d 357 (1958). See also: Hess v. Petrillo, 7 Cir., 259 F.2d 735 (1958), cert. denied, 359 U.S. 954, 79 S.Ct. 743, 3 L.Ed.2d 761 (1959); Ryan v. Scoggin, 10 Cir., 245 F.2d 54 (1957); Cohen v. United States, 8 Cir., 129 F.2d 733 (1942); Tate v. City of Eufaula, Alabama, M.D.Ala., 165 F.Supp. 303 (1958).
 
 
 10
 With the foregoing rule in mind, we hold that plaintiffs' allegation that paragraph XXV(L) is contrary to the Railway Labor Act, 45 U.S.C.A. 151 et seq. is insufficient to confer jurisdiction on the federal court. Like the trial court, we are satisfied that the selection of Switchmen's Union as the bargaining agent for all switchmen employed by Terminal was sanctioned by the Act, particularly 2, 45 U.S.C.A. 152, Fourth, which provides:
 
 
 11
 'Employees shall have the right to organize and bargain collectively through representatives of their own choosing. The majority of any craft or class of employees shall have the right to determine who shall be the representative of the craft or class for the purpose of this chapter. * * *'
 
 
 12
 Section 2 of the Act, 45 U.S.C.A. 152, First, requires carriers and employees to exert every reasonable effort to make and maintain agreements covering rates of pay, rules and working conditions. Paragraph XXV(L) is a part of the bargaining agreement between Terminal, a carrier, on the one hand, and Switchmen, the duly designated and organized representative of its employees, on the other. The Act does not expressly or impliedly prohibit the carrier and the bargaining agent of the employees from agreeing upon the terms and conditions under which discharged employees may be reinstated. The agreement provided that a discharged employee could appeal as a matter of right from the decision discharging him, provided the appeal was timely taken and the prescribed procedural steps were met. Failure to make appeal in writing within the thirty days would close the case; however, the employee through a committee, could resort to paragraph XXV(L), the challenged leniency provision, thereby making it possible for him to be reinstated with former seniority rights and privileges. But paragraph XXV(L) required an employee to process his claim through the bargaining agent, Switchmen, and to have it presented to Terminal within one year. Contrary to plaintiffs' contention, we find nothing illegal in providing that the claim for reinstatement must be 'pending with Switchmen's Union,' and in our view this requirement is not offensive to 45 U.S.C.A. 152, Third, which provides that 'neither party shall in any way interfere with, influence, or coerce the other in its choice of representatives;' nor is it contrary to any other provision of the Act. In Switchmen's Union of North America v. Ogden Union Railway & Depot Co., 10 Cir., 209 F.2d 419 (1954), cert. denied, 347 U.S. 989, 74 S.Ct. 852, 98 L.Ed. 1123 (1954), a provision similar to paragraph XXV(L) was attacked as being contrary to the Act. In rejecting this contention, the Court stated:
 
 
 13
 'The provision is intended to do no more than regulate the composition of the roster of employees in the company-- a matter certainly within the bargaining province of the two parties most affected, namely management and the duly elected representatives of the majority of the employees.' 209 F.2d at 421.
 
 
 14
 Having found that the validity of the bargaining agreement was not legitimately brought into issue, we must affirm the dismissal of the suit against Terminal, for the only claim remaining against Terminal draws into controversy the interpretation and application of the bargaining agreement-- the resolution of which lies within the exclusive domain and jurisdiction of the National Railroad Adjustment Board. Section 153, First(i), 45 U.S.C.A. provides that 'disputes between an employee * * * and a carrier * * * growing out of grievances or out of the interpretation or application of agreements * * * may (after failure to reach settlement at lower administrative levels) be referred * * * by either party to * * * the Adjustment Board * * *.' In Moore v. Illinois Central R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089 (1941), the Supreme Court held that under the above quoted provision of the statute, resort to the Board is merely permissive and that the courts may also assume jurisdiction of disputes over an allegedly wrongful discharge; however, Moore has been limited strictly to the circumstances there involved. While Moore has been interpreted as holding that a discharged employee alleging wrongful discharge against a carrier has an option of either pursuing his remedy under the Railway Labor Act or of bringing suit at common law in a breach of contract action for damages, Slocum v. Delaware, L. & W.R. Co., 339 U.S. 239, 244, 70 S.Ct. 577, 94 L.Ed. 795 (1950); Broady v. Illinois Cent. R. Co., 7 Cir., 191 F.2d 73, 78 (1951), cert. denied, 342 U.S. 897, 72 S.Ct. 231, 96 L.Ed. 672 (1951), it has not served as authority for a federal court to assume jurisdiction of a case, such as the instant one, in which the bargaining agreement provides reinstatement procedures and in which the ultimate remedy sought against the employer is reinstatement. Pennsylvania R. Co. v. Day, 360 U.S. 548, 553, 79 S.Ct. 1322, 3 L.Ed.2d 1422 (1959); Transcontinental & Western Air v. Koppal, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325 (1953); Barnett v. Pennsylvania-Reading Seashore Lines, 3 Cir., 245 F.2d 579, 581 (1957), affirming D.N.J., 145 F.Supp. 731 (1956); Hostetler v. Brotherhood of Railroad Trainmen, D.Md., 183 F.Supp. 281, 285 (1960), aff'd, 4 Cir., 287 F.2d 457 (1961), cert. denied, 368 U.S. 955, 82 S.Ct. 397, 7 L.Ed.2d 387 (1962); and Sjaasted v. Great Northern Railway Company, D.N.D., 155 F.Supp. 307 (1957). Certainly the general rule is as the court below in its memorandum opinion, unreported, stated:
 
 
 15
 'If the controversy involves the validity of the contract under the guarantees of the Railway Labor Act, the court has jurisdiction to grant the relief. If the issues can be determined by an interpretation of the bargaining agreement, exclusive jurisdiction is vested in the Railroad Adjustment Board. Switchmen's Union v. Ogden Ry. & Depot Co., 209 F.2d 419 (10th Cir. 1954); Brotherhood of Railroad Trainmen v. Howard, 343 U.S. 768, 72 S.Ct. 1022, 96 L.Ed. 1283; Slocum v. Delaware, L. & W.R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795.' See also: Pennsylvania R. Co v. Day, supra, 360 U.S. 548, 79 S.Ct. 1322, 3 L.Ed.2d 1422; Order of Conductors of America v. Pitney, 326 U.S. 561, 66 S.Ct. 322, 90 L.Ed. 318 (1946); Rose v. Great Northern Railway Company, 8 Cir., 268 F.2d 674 (1959); Spires v. Southern Ry. Co., 4 Cir., 204 F.2d 453 (1953); and Butler v. Thompson, 8 Cir., 192 F.2d 831 (1951). Thus, since the validity of the agreement is not in issue and no further charge is made against Terminal that operates to remove the controversy from the rule relating to the interpretation and application of bargaining agreements, the National Railroad Adjustment Board is the proper tribunal to settle the dispute between appellants and Terminal. Under the provisions of the Railway Labor Act, Terminal had no choice but to deal with Switchmen, the duly designated bargaining agent, and with no other organization. Virginian Ry. v. System Federation, 300 U.S. 515, 57 S.Ct. 592, 81 L.Ed. 789 (1937), and, indeed, in their reply brief appellants concede that:
 
 
 16
 'Terminal is brought in only because necessary to obtain complete relief. The relief sought against Terminal * * * is based upon the allegation that Terminal was willing and had agreed to reinstate Haley and would have done so but for the insistence of Switchmen and Childers that Article XXV (L) prevented Terminal from doing so.'
 
 
 17
 In dismissing the action as to all defendants, the trial court was evidently of the opinion that the validity of the portion of the bargaining agreement under attack immunized defendants Childers and Switchmen from the additional claim that they had discriminated against Haley because of his membership in a minority union, and that such discrimination had motivated their refusal to process his leniency claim for reinstatement.[3] There is judicial language indicating that a federal court could assume jurisdiction of a controversy between an employee of a carrier and a union as opposed to one between an employee and the carrier, Conley v. Gibson, 355 U.S. 41, 44, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Ferro v. Railway Express Agency, Inc., 2 Cir., 296 F.2d 847, 851 (1961); Cunningham v. Erie Railroad Company, 2 Cir., 266 F.2d 411, 415 (1959); Hargrove v. Brotherhood of Locomotive Engineers, D.D.C., 116 F.Supp. 3, 6 (1953), but the cited authorities all involved instances in which discrimination was also an issue. It is firmly settled that the courts have jurisdiction over a controversy between an employee and either a carrier or a union where the employee properly alleges racial discrimination. Conley v. Gibson, supra, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80; Brotherhood of Railroad Trainmen v. Howard, 343 U.S. 768, 72 S.Ct. 1022, 96 L.Ed. 1283 (1952); Graham v. Brotherhood of Firemen, 338 U.S. 232, 70 S.Ct. 14, 94 L.Ed. 22 (1949); Tunstall v. Brotherhood, 323 U.S. 210, 65 S.Ct. 235 89 L.Ed. 187 (1944); Steele v. Louisville & N.R. Co., 323 U.S 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944); Dillard v. Chesapeake & O. Ry. Co., 4 Cir., 199 F.2d 948 (1952); and Sells v. International Brother. of Firemen & Oilers, W.D.Pa., 190 F.Supp. 857 (1961). The result in these cases is premised in part upon a determination that since the Railway Labor Act allows employees to elect a bargaining representative, and since the carrier must deal with such representative and no other, the majority union must represent all employees, including minority union members, fairly and without 'irrelevant and invidious' discrimination. Steele v. Louisville & N.R. Co., supra, 323 U.S. 192, 199-203, 65 S.Ct. 226, 89 L.Ed. 173.
 
 
 18
 In some instances relief in the courts has been denied because charges of discrimination have either not been made or have clearly been unwarranted, Pennsylvania R. Co. v. Rychlik, 352 U.S. 480, 497, 77 S.Ct. 421, 1 L.Ed.2d 480 (concurring opinion) (1957); Hostetler v. Brotherhood of Railroad Trainmen, supra, 287 F.2d 457, cert. denied, 368 U.S. 955, 82 S.Ct. 397, 7 L.Ed.2d 387; Latham v. Baltimore and Ohio Railroad Company, 2 Cir., 274 F.2d 507 (1960); Hettenbaugh v. Airline Pilots Ass'n International, 5 Cir., 189 F.2d 319 (1951); Brooks v. Chicago, R.I. & P.R. Co., 8 Cir., 177 F.2d 385 (1949); La France v. Brotherhood of Loco. fire. & Eng. of I.C.R., E.D.Mich., 204 F.Supp. 13 (1962), but where a good faith allegation of discrimination is made, specific facts in support of the general allegations need not be set forth and a court may not dismiss the suit for want of jurisdiction. Conley v. Gibson, supra, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80;[4] Ferro v. Railway Express Agency, Inc., supra, 296 F.2d 847, 851; Sells v. International Brother. of Firemen & Oilers, supra, 190 F.Supp. 857, 860-861.
 
 
 19
 There seems to be lack of complete unanimity among the courts as to whether a charge of discrimination may be judicially determined unless such discrimination is based upon race. In our view, the weight of authority has adopted the rule that resort may be had to the courts where 'hostile discrimination' is an issue, regardless of whether it is based on race, or on some other ground. Ferro v. Railway Express Agency, Inc., supra, 296 F.2d 847, 850-851; Hostetler v. Brotherhood of Railroad Trainmen, supra, 287 F.2d 457, 458-459; Latham v. Baltimore and Ohio Railroad Company, supra, 274 F.2d 507, 512-513; Cunningham v. Erie Railroad Company, supra, 266 F.2d 411, 415-416; Mount v. Grand International Brotherhood of Loc. Eng., 6 Cir., 226 F.2d 604, 607 (1955), cert. denied, 350 U.S. 967, 76 S.Ct. 436, 100 L.Ed. 839 (1956). Contra, Alabaugh v. Baltimore and Ohio Railroad Company, 4 Cir., 222 F.2d 861, 866-867 (1955), cert. denied, 350 U.S. 839, 76 S.Ct. 77, 100 L.Ed. 748 (1955). See also, Switchmen's Union v. Ogden Union Railway & Depot Co., supra, 209 F.2d 419, 422; Spires v. Southern Ry. Co., supra, 204 F.2d 453, 456-457. In Conley, Supra, the Supreme Court, while dealing with a racial discrimination problem, used this sweeping language:
 
 
 20
 'The bargaining representative's duty not to draw 'irrelevant and invidious' distinctions among those it represents does not come to an abrupt end, as the respondents seem to contend, with the making of an agreement between union and employer. Collective bargaining is a continuing process. Among other things, it involves day-to-day adjustments in the contract and other working rules, resolution of new problems not covered by existing agreements, and the protection of employee rights already secured by contract. The bargaining representative can no more unfairly discriminate in carrying out these functions than it can in negotiating a collective agreement.' 355 U.S. at 46, 78 S.Ct. at 102, 2 L.Ed.2d 80. See also the broad language used in Steele, Supra, 323 U.S. at 199-204, 65 S.Ct. at 230-233, 89 L.Ed. 173.
 
 
 21
 As noted, the Act has been interpreted as precluding racial discrimination both in initially negotiating a labor agreement and in bargaining and settling disputes thereunder, and we are unable to perceive any sound basis for making a distinction where discriminatory treatment is based upon membership in a minority union. In both situations the discrimination renders meaningless the fair and impartial treatment of all employees that is required by the Act.
 
 
 22
 We make no intimation as to the merits of the pleaded claim. Only two paragraphs of the labor agreement are before us, and on this record we could not decide whether the letter, supra, fn. 1, was sufficient to cause Haley's claim for reinstatement to be 'pending' with Switchmen within the meaning of paragraph XXV(L). We simply hold that in view of the allegation of discrimination against Childers and Switchmen, the court is vested with jurisdiction to adjudicate this issue.[5]
 
 
 23
 Unlike the Cunningham case, supra, 266 F.2d 411, this case is not one in which the carrier must remain in the case in order to give complete relief. Indeed, appellants admit that:
 
 
 24
 'This action is, therefore, primarily one by Haley against Switchmen and Childers for their wrongful and illegal discrimination against him in failing and refusing to present his claim and in wrongfully instructing Terminal that it could return Haley to service only if his case were pending with Switchmen and thus preventing Terminal from dealing directly with Haley or his representatives even though Terminal, it is alleged, was willing to return Haley to service, but for this condition imposed by Switchmen.'
 
 
 25
 Inasmuch as the complaint does not allege discrimination on the part of Terminal,[6] and since Terminal is not a necessary party in a suit against Childers and Switchmen for discriminatory practices, Conley v. Gibson, Supra, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80, we hold that the claim of discrimination against these defendants is insufficient to also vest court jurisdiction over Terminal.
 
 
 26
 The judgment dismissing the action as to defendant Terminal is affirmed. The judgment dismissing the action as to defendants Childers and Switchmen is reversed and the cause is remanded for further proceedings against these defendants.
 
 
 
 [1]
 Haley asserts that his case was pending with Switchmen by virtue of the following letter, written on Haley's behalf by BRT on January 20, 1961, to defendants Childers and Switchmen, with copy to Terminal:
 'You are hereby placed on notice that you must accept and progress claim for reinstatement of John M. Haley under affirmative duty of the Railway Labor Act to represent all employees in the craft or class for which you are bargaining agent. We will hold you personally responsible if you fail or refuse to accept or progress this claim.'
 
 
 [2]
 In 1A Barron and Holtzoff, Federal Practice and Procedure 352, at 337-339 (rules ed. 1960), it is stated that a motion to dismiss or suggestion of lack of jurisdiction is the appropriate method of attacking want of jurisdiction, and that motion for summary judgment or a motion to dismiss for failure to state a claim upon which relief can be granted, is not proper
 
 
 [3]
 In their amended complaint, plaintiffs alleged that 'defendants Childers and Switchmen have deliberately and arbitrarily discriminated against plaintiff Haley because of his membership in a minority and rival labor union for the purpose of preventing Haley's return to service as a switchman.'
 In addition to a prayer for damages, plaintiffs prayed for a declaratory judgment and injunctive relief requiring Switchmen and Childers 'to represent them fairly and impartially and without discriminating against them because they are not members of Switchmen but are members of another labor union.'
 
 
 [4]
 In Conley, 355 U.S. pp. 47-48, 78 S.Ct. pp. 102-103, 2 L.Ed.2d 80, the Supreme Court stated:
 'The respondents also argue that the complaint failed to set forth specific facts to support its general allegations of discrimination and that its dismissal is therefore proper. The decisive answer to this is that the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' (Rule 8(a)(2)) that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. * * * Following the simple guide of Rule 8(f) that 'all pleadings shall be so construed as to do substantial justice,' we have no doube that petitioners' complaint adequately set forth a claim and gave the respondents fair notice of its basis. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.'
 
 
 [5]
 Like Cunningham, supra, 266 F.2d 411, 414, jurisdiction in such a discrimination action is based upon 28 U.S.C. 1331, 1337, even without diversity
 
 
 [6]
 In their amended complaint, plaintiffs alleged that Terminal refused to deal with them and has 'arbitrarily insisted that such claim or grievance must be presented to it by defendants Childers and Switchmen as representatives of Haley.'
 The very next paragraph of the complaint alleged: 'That all other members of Lodge 732 who are employees of defendant Terminal are suffering or will in the future suffer similar discrimination.' However, plaintiffs concede that their controversy is actually not with Terminal and that the discrimination charges apply only against defendants Childers and Switchmen.