John W. SUTTON

v.

PENNSYLVANIA RAILROAD COMPA-
NY, a body corporate.

Civ. A. No. 14953.

United States District Court
D. Maryland.

March 18, 1964.

William W. Cahill, Jr., David R. Cohan,
Weinberg & Green, Baltimore, Md., for
plaintiff.

Clayton W. Daneker, Loring E. Hawes,
Constable, Alexander & Daneker, Balti-
more, Md., for defendant.

NORTHROP, District Judge:

Plaintiff brings suit for $25,000 back
pay and damages for wrongful discharge.
Plaintiff had been employed by defendant
as a Helper in the Communications and
Signal Department since July 30, 1959,
and was discharged by defendant on June
7, 1960, for alleged direct insubordina-
tion. Being a member of the Brother-
hood of Railroad Signalmen, plaintiff
made use of the grievance procedures es-
tablished in the collective bargaining
agreement between the Brotherhood and
defendant, but his appeals were not sus-
tained. Finally, he appealed his dismis-
sal to the National Railroad Adjustment
Board, Third Division, as permitted by
the Railway Labor Act, 45 U.S.C.A. § 153
First (i) (1954). This section *permits*
disputes to be referred to the appropriate
division of the National Railroad Adjust-
ment Board if adjustment cannot be
reached "in the usual manner up to and
including the chief operating officer of
the carrier designated to handle such dis-
putes."

Plaintiff's claim before the Board, as
presented before it by the Brotherhood,
was a request "that Mr. Sutton should
now be restored to service of the Car-

rier." NRAB Third Div. Award No. 11276, Doc. No. SG–12894 (March 29, 1963). No mention is made in claims or discussions as to back pay, and oral hearing was waived. The award sustained the claim on a finding that the dismissal of plaintiff was "an arbitrary and excessive penalty and an abuse of Management's discretion." Plaintiff re-entered the service of defendant exactly three years after his dismissal, and then filed this suit for back pay and damages, relying in part on Article 7, § 1(d),[1] of the collective bargaining agreement. Defendant has moved to dismiss this action on the grounds that plaintiff has made an election of remedies by taking his claim before the NRAB, or alternatively that plaintiff must take this claim to the NRAB because it is within that Board's primary, exclusive jurisdiction. Defendant further urges that plaintiff has failed to exhaust his administrative remedies as required by Maryland law.

Since the motion must be granted if any one of these grounds is valid, this discussion will be limited to the point that plaintiff has elected his remedy by taking his claim before the NRAB and cannot now sue defendant in a common law wrongful discharge action, Slocum v. Delaware, L. & W. R. R., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795 (1950). The development of this line of statutory construction in the Supreme Court has been continuous since Moore v. Illinois Cent. R. R., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089 (1941). The present state of the law was reviewed by the Supreme Court at the October 1962 Term in Brotherhood of Locomotive Engineers v. Louisville &

N. R. R., 373 U.S. 33, 38, 83 S.Ct. 1059, 1062, 10 L.Ed.2d 172 (1963):

"[A]n employee is barred from choosing another forum in which to litigate claims arising under the collective [bargaining] agreement. Pennsylvania R. Co. v. Day, 360 U. S. 548, 552–553, 79 S.Ct. 1322, 1324–1325, 3 L.Ed.2d 1422. A corollary of this view has been the principle that the process of decision through the Adjustment Board cannot be challenged collaterally by methods of review not provided for in the statute."

■ Plaintiff makes the point that there is no reported case wherein an employee successfully appealed his dismissal to the NRAB and then came to court seeking damages for wrongful discharge. It is true that all the cases which this court has been able to locate, or which have been pointed out by the parties, involve employees seeking to sue for wrongful discharge after the same claim had been rejected on its merits by the Adjustment Board.[2] In this case, plaintiff's claim for reinstatement was sustained by the Board, but this fact does not change the nature of the instant case. Plaintiff's election to seek reinstatement was made when he went to the NRAB. He could have chosen to accept his discharge as final following his final denial by defendant's Superintendent of Personnel. The Railway Labor Act would not prevent a suit for wrongful discharge in the state court (or in federal court if diversity is present) by an employee who accepts his discharge. In going to the NRAB he may seek reinstatement and back pay under the contract. Slocum v. Delaware, L.

---

1. "When an employee is held out of service in connection with an offense, and thereafter is exonerated, he shall be reinstated and compensated for the amount he would have earned had he not been held out of service."

2. Roberts v. Lehigh & New Eng. Ry., 323 F.2d 219 (3 Cir. 1963) ; Haley v. Childers, 314 F.2d 610 (8 Cir. 1963) ; Morrissette v. Chicago, B. & Q. R. R., 299 F.2d 502 (7 Cir.) cert. denied, 369 U.S. 874,

82 S.Ct. 1141, 8 L.Ed.2d 277 (1962) ; Hornsby v. Dobard, 291 F.2d 483 (5 Cir. 1961) ; Rose v. Great Northern Ry., 268 F.2d 674 (8 Cir. 1959) ; Barnett v. Pennsylvania-Reading Seashore Lines, 245 F. 2d 579 (3 Cir. 1957) ; Coats v. St. Louis-San Francisco Ry., 230 F.2d 798 (5 Cir. 1956) ; Cepero v. Pan Am. Airways, 195 F.2d 453 (1 Cir. 1952) ; Michel v. Louisville & N. R. R., 188 F.2d 224 (5 Cir. 1951). See also Rumbaugh v. Winifrede R. R., 331 F.2d 530 (4 Cir. 1964).

& W. R. R., 339 U.S. at p. 244, 70 S.Ct. at p. 579, 94 L.Ed. 795.

■ The rationale of this doctrine of election is found in the exhaustive discussion of Congressional intent in Union Pac. R. R. v. Price, 360 U.S. 601, 609–616, 79 S.Ct. 1351, 1356–1359, 3 L.Ed.2d 1460 (1959). That case involved a suit by an employee who had been unsuccessful before the NRAB, but the Court stated its holding to be "that the respondent's *submission to the Board* of his grievances as to the validity of his discharge precludes him from seeking damages in the instant common-law action." (360 U.S. at p. 617, 79 S.Ct. at p. 1360, 3 L.Ed.2d 1460) (Emphasis supplied.) The Court later explained that

> "the decision in that case [Price] was based upon the conclusion that, when invoked, the remedies provided for in § 3 First [45 U.S.C.A. § 153 First] were intended by Congress to be the complete and final means for settling minor disputes." Brotherhood of Locomotive Engineers v. Louisville & N. R. R. Co., 373 U.S. 33, 38–39, 83 S.Ct. 1059, 1062, 10 L.Ed.2d 172 (1963).

To allow plaintiff to proceed with his suit here would mean that the federal district court would have to pass on a matter of contract interpretation in a matter arising under the collective bargaining agreement. This is not within the jurisdiction of the court, Pennsylvania R. R. Co. v. Day, 360 U.S. 548, 552–553, 79 S.Ct. 1322, 1325, 3 L.Ed.2d 1422 (1959).

■ Having chosen to seek reinstatement in the employ of defendant, plaintiff has elected his remedy. It follows that any claim he now has against defendant arises under the collective bargaining agreement and lies within the exclusive jurisdiction of the National Railroad Adjustment Board. Plaintiff's argument that the law of Maryland requires him to go to the NRAB as a prerequisite to suit for wrongful discharge misconceives the scope of the exhaustion doctrine. Maryland merely requires that "contractual remedies" be exhausted,

Henthorn v. Western Maryland R. R., 226 Md. 499, 506, 174 A.2d 175 (1961). The same case recognizes that submission of a claim to a Special Board established under the Railway Labor Act, 45 U.S.C.A. § 153 Second (1954) amounts to an election of remedies as discussed herein, barring prosecution of an action for wrongful discharge, Henthorn, supra, 226 Md. at p. 507, 174 A.2d at p. 179.

For the reasons set forth above, defendant's motion to dismiss will be granted.