**Gerald L. BOWE, Appellant,**

v.

**NORTHWEST AIRLINES, INC., formerly doing business as Republic Airlines, Inc., Appellee.**

**No. 91–3066.**

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1992.

Decided Sept. 15, 1992.

Morley Friedman, St. Paul, Minn., argued, for appellant.

Kevin Johnson, St. Paul, Minn., argued (James J. Laurent, Plymouth, Minn., on brief), for appellee.

Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and HANSEN, Circuit Judge.

FAGG, Circuit Judge.

Gerald L. Bowe appeals the district court's order dismissing his disability benefits action against Northwest Airlines, Inc. for failing to establish subject matter jurisdiction on the face of his complaint. We affirm.

■ To establish subject matter jurisdiction, Bowe must sufficiently allege its basis in his complaint. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir.1990); *Haley v. Childers*, 314 F.2d 610, 613 (8th Cir.1963). When considering a facial attack on a complaint's alleged jurisdictional basis, we take the complaint's factual allegations as true. *Lawrence*, 919 F.2d at 1529; *Haley*, 314 F.2d at 613. In this appeal, we must decide whether Bowe's complaint properly invokes the court's subject matter jurisdiction. Dismissal for lack of subject matter jurisdiction should be granted sparingly and cautiously, *Huelsman v. Civic Ctr. Corp.*, 873 F.2d 1171, 1174 (8th Cir.1989), but if the facial attack shows there is no jurisdiction, we must affirm the dismissal, *Haley*, 314 F.2d at 613.

Taking Bowe's allegations as true, the following facts form the basis for our jurisdictional inquiry. Republic Airlines, Inc., Bowe's former employer, provided a disability plan for its employees under a collective bargaining agreement. Because Bowe became disabled while employed by the airline, he is eligible for disability benefits. Nevertheless, Northwest, Republic's successor, has refused to provide Bowe with disability benefits under the collective bargaining agreement.

■ Based on these facts, Bowe contends federal jurisdiction exists under section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B) (1988). We disagree. Bowe's claim for disability benefits requires the interpretation or application of the collective bargaining agreement. Thus, it is a minor dispute under the Railway Labor Act (RLA), 45 U.S.C. §§ 151–188 (1988). *Consolidated Rail Corp. v. Railway Labor Executives' Ass'n*, 491 U.S. 299, 302–03, 109 S.Ct. 2477, 2480, 105 L.Ed.2d 250 (1989); *de la Rosa Sanchez v. Eastern Airlines, Inc.*, 574 F.2d 29, 30–32 (1st Cir.1978). Under the RLA and the collective bargaining agreement, the airline system board of adjustment has exclusive jurisdiction to arbitrate minor disputes. *Calvert v. Trans World Airlines, Inc.*, 959 F.2d 698, 699 (8th Cir.1992).

■ Contrary to Bowe's argument on appeal, ERISA does not provide an alternative to the RLA. " 'Despite [ERISA's] express provision allowing suits over the coverage and application of [employee benefit] plans to be brought in federal court, ERISA was not intended to, nor did it, preempt the mandatory arbitration provisions of the Railway Labor Act.' " *Beard v. Carrollton R.R.*, 893 F.2d 117, 123 (6th Cir.1989) (quoting *Bonin v. American Airlines, Inc.*, 621 F.2d 635, 638 (5th Cir. 1980)); *see* 29 U.S.C. § 1144(d) (1988); *Air Line Pilots Ass'n, Int'l v. Northwest Airlines, Inc.*, 627 F.2d 272, 275–76 (D.C.Cir. 1980); *de la Rosa*, 574 F.2d at 33. Thus, based on the allegations of Bowe's complaint, jurisdiction simply does not exist under ERISA.

■ Bowe argues he has no remedy under the RLA and the collective bargaining agreement because he is no longer an employee or union member and the union refuses to grieve his dispute. Although federal courts have recognized some exceptions to the RLA's exclusive jurisdiction, *see Glover v. St. Louis–San Francisco Ry.*, 393 U.S. 324, 329–31, 89 S.Ct. 548, 551, 21 L.Ed.2d 519 (1969); *Brotherhood of Ry., Airline & S.S. Clerks v. Atchison, Topeka & Santa Fe Ry.*, 847 F.2d 403, 408–11 (7th Cir.1988); *Brown v. Trans World Airlines, Inc.*, 746 F.2d 1354, 1357 (8th Cir.1984), Bowe has alleged no exception in his complaint.

■ Bowe also argues a disability plan provision referring disputes to federal district court establishes a basis for jurisdiction. Again, we disagree. Parties to an agreement cannot create federal subject

matter jurisdiction by consent. *Jader v. Principal Mut. Life Ins. Co.*, 925 F.2d 1075, 1077 (8th Cir.1991). Thus, the district court correctly dismissed Bowe's complaint.

Accordingly, we affirm.