**John VASILIADES, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. 8:97CV349.**

United States District Court,
D. Nebraska.

Oct. 21, 1997.

John Vasiliades, Omaha, NE, pro se.

SaraBeth Donovan, Asst. U.S. Atty., Omaha, NE, for U.S.

### ORDER

SHANAHAN, District Judge.

Before the court is filing no. 9, the "Motion to Dismiss for Lack of Subject Matter Jurisdiction" Under F.R.C.P. 12(B)(1), or for Failure to State a Claim Upon Which Relief Can Be Granted Under F.R.C.P. 12(B)(6), or in the Alternative, For Summary Judgment filed by the defendant SJA OR LT. Col. R.B. Sorenson (Sorenson). In filing no. 9, Sorenson alleges that the court is divested of jurisdiction by virtue of the Contract Disputes Act. In the alternative, Sorenson alleges that the complaint (filing no. 1 Exh. A) fails to state a claim upon which relief can be granted in accordance with F.R.C.P. 12(b)(6). Finally, Sorenson requests an order granting summary judgment pursuant to F.R.C.P. 56(b) because no genuine issues of material fact exits, and Sorenson is entitled to judgment as a matter of law.

### BACKGROUND

John Vasiliades (Vasiliades) rendered services as an expert in the field of forensic toxicology for the United States Airforce. (Filing no. 1 Exh. A). Vasiliades filed case no. SC97–932 against Sorenson in small claims court on June 27, 1997. Vasiliades alleged that the United States Air Force refused to pay sums owed to Vasiliades for expert services rendered. Sorenson filed a "Notice of Removal" on July 25, 1997. (Filing no. 1). Sorenson predicated the "Notice of Removal" (filing no. 1) on Vasiliades having sought damages against a member of the armed forces for actions taken under color of office pursuant to 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 1442(a). (Filing no. 1). On September 24, 1997, Sorenson filed a "Motion to Substitute Defendant United States of America for SJA OR LT. COL. R.B. Sorenson as a Real Party in Interest Under F.R.C.P. 17." (Filing no. 11). On October 15, 1997, Magistrate Judge Thomas D. Thalken ordered the substitution of the United States of America as the real party in interest. (Filing no. 16).

### STANDARD OF REVIEW

The burden of proving subject matter jurisdiction rests on the plaintiff. *Hoekel v. Plumbing Planning Corp.*, 20 F.3d 839, 840 (8th Cir.1994); *Nucor Corp. v. Nebraska Pub. Power Dist.*, 891 F.2d 1343, 1346 (8th Cir.1989). To survive a challenge pursuant to F.R.C.P. 12(b)(1) for lack of subject matter jurisdiction the pleadings must sufficiently evince a basis for subject matter jurisdiction. *Bowe v. Northwest Airlines, Inc.*, 974 F.2d 101, 103 (8th Cir.1992); *Haley v. Childers*, 314 F.2d 610, 613 (8th Cir.1963). *Cf Drevlow v. Lutheran Church*, 991 F.2d 468, 470 (8th Cir.1993) (noting that the court may consider matters outside the pleadings in making subject matter jurisdiction determinations); *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir.1990) (discussing the difference between Fed.R.Civ.P. 12(b)(1) and 12(b)(6) when matters outside the pleadings are considered by the court). When considering a challenge to subject matter jurisdiction pursuant to F.R.C.P. 12(b)(1), the court must assume the factual allegations provided by the plaintiff are true. *Wheeler v. St. Louis Southwestern Ry. Co.*, 90 F.3d 327, 329 (8th Cir.1996). Accordingly, the court should dismiss plaintiff's cause of action for lack of subject matter jurisdiction, sparingly and cautiously, and only when no basis for subject matter jurisdiction exists. *Wheeler*, 90 F.3d at 329; *Bowe*, 974 F.2d at 103; *Huelsman v. Civic Ctr. Corp.*, 873 F.2d 1171, 1174 (8th Cir.1989).

### ANALYSIS

28 U.S.C. § 1346(a)(2) provides that:

The district courts shall have original jurisdiction, ... [over any] civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, *except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States*

*or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978.*

28 U.S.C. § 1346(a)(2). Pursuant to 28 U.S.C. § 1346(a)(2) subject matter jurisdiction over Vasiliades' claim is contingent upon the applicability of the Contract Disputes Act of 1978.

The Contract Disputes Act of 1978, Pub.L. No. 95–563, 92 Stat. 2383 (1978) (codified as amended at 41 U.S.C. §§ 601–613 (1988 & Supp. V 1993) and in scattered sections of 5 and 28 U.S.C.) (CDA), statutorily enunciates explicit dispute resolution procedures for all claims "relating to" any express or implied contract entered into by an executive agency with a contractor for: (1) the procurement of property, other than real property in being; (2) the procurement of services; (3) the procurement of construction, alteration, repair or maintenance of real property; or (4) the disposal of personal property. 41 U.S.C. §§ 602, 605.

The CDA statutorily defines the term "executive agency" as an executive department delineated within Title 5, section 101 of the United States Code. 41 U.S.C. § 601(2). Title 5, section 101, of the United States Code specifically enumerates the United States Air Force as an executive agency. See 5 U.S.C. § 101. Title 28, section 1346(a)(2) of the United States Code, also provides that "an express or implied contract with ... [the] Air Force [is] considered an express or implied contract with the United States." The CDA further defines the term contractor as a party to a Government contract other than the Government. 41 U.S.C. § 601(4).

■ Upon review and consideration of the record, the court finds and concludes that Vasiliades' claim against the United States Air Force is subject to the CDA. Vasiliades' claim is: (1) founded upon an express contract with an executive agency within the purview of 41 U.S.C. § 601(2) and 28 U.S.C. § 1346(a)(2); and (2) constitutes a contract for the procurement of services within the confines of 41 U.S.C. § 602(a).

■ Accordingly, Vasiliades' claim is subject to the procedures codified by the CDA.

See 41 U.S.C. §§ 605–609. Pursuant to the statutory scheme, a contractor's claims against the government relating to a contract must first be the subject of a decision by a contracting officer. 41 U.S.C. § 605(a). A Contracting officer is "any person who ... has the authority to enter into and administer contracts and make determinations and findings with respect thereto." 41 U.S.C. §§ 601(3), 605(a). A contractor who contests a contracting officer's decision has a choice between two exclusive remedies: (1) the contractor may appeal the decision to an agency board of contract appeals (BCA) within ninety days from the date of receipt of the decision, or (2) the contractor may "bring an action directly on the claim in the United States Court of Federal Claims ..." within twelve months from the date of receipt. See 41 U.S.C. §§ 606, 607(d), 609(a), (c); *Seaboard Lumber Co. v. United States,* 903 F.2d 1560, 1562 (Fed.Cir.1990), *cert. denied,* 499 U.S. 919, 111 S.Ct. 1308, 113 L.Ed.2d 243 (1991).

Accordingly, the CDA necessarily divests the federal district courts of jurisdiction over Vasiliades' contractual dispute with the United States Air Force. See 28 U.S.C. § 1346(a)(2); S.Rep. No. 1118, 95th Cong., 2d Sess. 10, reprinted in 1978 U.S.C.C.A.N. 5235, 5244, 5267 (noting that "U.S. district court jurisdiction is eliminated from Government contract claims").

THEREFORE, IT IS ORDERED

(1) That the "Motion to Dismiss for Lack of Subject Matter Jurisdiction Under F.R.C.P. 12(B)(1), or for Failure to State a Claim Upon Which Relief Can Be Granted Under F.R.C.P. 12(B)(6), or in the Alternative, For Summary Judgment" filed by the defendant SJA OR LT. Col. R.B. Sorenson is granted to the extent that the court lacks subject matter jurisdiction over the claims brought by John Vasiliades; and

(2) That Civil Action No. 8:97 CV 349 is dismissed with prejudice.